### ITKIN v. ABRAMSON–ENGESSER CO.

(Supreme Court, Appellate Term. June 29, 1911.)

JUDGMENT (§ 253*)—AMOUNT.

 In an action for work, labor, and services, the amount defendant was entitled to set off for work included in the contract, and not performed, was limited to the amount demanded therefor in the counterclaim.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. § 253.*]

Appeal from City Court of New York, Trial Term.

Action by Bernard Itkin against the Abramson-Engesser Company. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed on condition.

Argued before SEABURY, GUY, and BIJUR, JJ.

Joseph G. Abramson, for appellant.
Bernard Fliashnick, for respondent.

GUY, J. Plaintiff sues to recover $475 for work, labor, and services in doing cabinet work by plaintiff's assignor; also for $20 for extra work. The answer sets up a counterclaim against plaintiff's assignor for $116.35 for moneys expended in completing work which he failed to perform under his contract.

The plaintiff's assignor testified that he did not furnish the marble, or the hardware, or set up the mirrors in the store, as provided for in his contract. The defense proved without contradiction that these items cost $118.35, but the answer limits the amount to $116.35. On the evidence defendant is entitled to offset plaintiff's claim of $495 by this amount, thus reducing the plaintiff's claim to $378.65, which, with the costs, $82.62, would make the proper amount of the judgment $461.27.

Judgment reversed and new trial ordered, with costs to appellant to abide the event, unless plaintiff stipulates within 10 days to reduce the amount of the judgment to $461.27, in which event the judgment, as so modified, is affirmed, without costs of this appeal to either party. All concur.